UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JUDY A. TWEED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO.: 2:12-CV-413 |
| ) | |
| KING PHARMACEUTICALS, INC., *ET AL.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge dated January 13, 2014, [Doc. 36]. In that Report and Recommendation, the Magistrate Judge recommends that plaintiff's "Motion for Judgment Pursuant to Fed. R. Civ. Proc. 54(a)," [Doc. 21], be denied and that defendants' "Motion for Judgment on the Administrative Record, [Doc. 24], be granted. The plaintiff has filed objections to the Report and Recommendation, [Doc. 37].

After careful *de novo* consideration of the record as a whole, and after careful consideration of the Report and Recommendation of the United States Magistrate Judge, and for the reasons set out in that Report and Recommendation which are incorporated by reference herein and with the modification set forth below, it is hereby ORDERED that the plaintiff's objections are OVERRULED, that this Report and Recommendation is ADOPTED and APPROVED, [Doc. 37], that plaintiff's "Motion for Judgment Pursuant to Fed. R. Civ. Proc. 54(a)," [Doc. 21], is DENIED, and defendants' "Motion for Judgment on the Administrative Record, [Doc. 24], is GRANTED.

The plaintiff is correct in that the Report and Recommendation did not address the plaintiff's claim of a conflict of interest. The plaintiff argues that the defendant both insures and administers the plan at issue here. "This dual function creates an apparent conflict of interest." *Glenn v. MetLife*, 461 F.3d 660, 666 (6th Cir. 2006) (internal quotation marks omitted), *aff'd*, 128 S. Ct. 2343 (2008) (upholding decision solely regarding conflict-of-interest issues; certiorari only granted as to that issue). To be sure, a conflict of interest is a factor in determining whether a decision was arbitrary or capricious. *Id*. Thus, this Court will consider this conflict in making its determination. In so doing, this Court notes that the plaintiff merely points out that the conflict exists and offers nothing more other than an alleged failure to fully investigate the circumstances surrounding the departure of the 37 other employees.

The Administrative Record shows that Pfizer investigated the departure of the 37 employees, albeit not to plaintiff's preference for thoroughness. The Record also shows that the Administrative Committee reviewed each of the plaintiff's allegations. Moreover, the Record shows that Pfizer has taken steps to eliminate bias in its claims administrations as is evidenced by Ms. Heron's affidavit. When weighing the alleged conflict and the other evidence in the record, there is not enough to establish that the defendant acted arbitrarily or capriciously. Thus, this objection is OVERRULED.

E N T E R:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE